FRUITRADE INTERNATIONAL, INC.

v.

James J. MALONEY, T/A Coastal
Transportation Company, et al.

Civ. No. S 89–2880.

United States District Court,
D. Maryland.

Nov. 27, 1990.

On Motion to Alter or Amend
Dec. 13, 1990.

James D. Skeen, David W. Skeen, Wright, Constable & Skeen, Baltimore, Md., for plaintiff.

Joseph T. Bambrick, Jr., West Reading, Pa., for defendant Maloney.

Shawn A. Matlock, Umbreit & Matlock, PC, Baltimore, Md., for defendant Hoover.

Robert B. Suder, Suder & Suder, Baltimore, Md. (Rick A. Rude, Falls Church, Va., of counsel), for defendant Van Wyk.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case, filed under the jurisdictional grant found in 28 U.S.C. § 1337, and pursuant to 49 U.S.C. § 11707, is before the Court on the various defendants' claims for summary judgment against the plaintiff.

■ Turning first to the motion of defendant Hoover, the Court finds that it has no subject-matter jurisdiction over the claim against Hoover. Clearly, Hoover is not a common carrier or freight forwarder covered by 49 U.S.C. § 11707, as enforceable by an action in this Court under the jurisdictional grant in 28 U.S.C. § 1337. Just as clearly, the claim against Hoover, involving with legal certainty an amount less than $50,000, and filed after the effective date of the recent increase in jurisdictional amount for diversity cases, is insupportable under 28 U.S.C. § 1332. Thus, jurisdiction over Hoover can be founded only on a non-federal claim, under a theory of pendent jurisdiction. Although there is some authority to support the exercise of pendent party jurisdiction in cases such as this, *see Leather's Best, Inc. v. S.S. MORMACLYNX,* 451 F.2d 800 (2d Cir.1971), the entire notion of pendent party jurisdiction has essentially been done in by the Supreme Court's decision in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). *See* discussion in 13B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure,* § 3567.2 (1990 Pocket Part) at 25–26. Beyond doubt, under *Finley,* this Court has no pendent party jurisdiction over Hoover, in the absence of any federal statute, that expressly gives it such jurisdiction, and the complaint against it will be dismissed for lack of federal subject matter jurisdiction, FED.R. CIV.P. 12(h)(3). Of course, this is a non-prejudicial dismissal, which will allow the claim to be asserted in the proper forum, should plaintiff so choose.

As to defendant Maloney, the same result must obtain, for the same reasons, as with Hoover. Although, as previously noted in the Court's Memorandum and Order of July 2, 1990, the enactment of 49 U.S.C. § 11707 did not necessarily destroy any common law claim against Maloney for negligence (here, negligent misrepresentation causing economic loss, *see Village of Cross Keys v. U.S. Gypsum*, 315 Md. 741, 556 A.2d 1126 (1989)), this Court has neither federal question nor diversity jurisdiction (less than $50,000 is claimed) over that claim, and it cannot proceed in the absence of pendent party jurisdiction, which no longer extends to claims such as this. Thus, the claim against Maloney will also be dismissed pursuant to FED.R.CIV.P. 12(h)(3).

■ Turning to the motion of defendant Van Wyk, the Court finds that, despite Van Wyk's protestations to the contrary, there are genuine disputes of material fact as to the cause of the damage to the fruit cargo, as well as to the effect of the clean bill of lading and the shipper's possible contributory fault, that preclude the grant of summary judgment under FED.R.CIV.P. 56, as interpreted in the recent Supreme Court cases of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, Van Wyk's motion for summary judgment will be denied.

A separate order embodying these rulings will be entered.

## ON MOTION TO ALTER OR AMEND

This matter is before the Court on the plaintiff's motion to alter or amend the Court's Order of November 27, 1990, under Fed.R.Civ.P. 59(e), insofar as it dismissed the complaint as against defendants Hoover Trucking, Inc., and Maloney, for lack of federal subject matter jurisdiction, the Court having concluded that it had no pendent party jurisdiction over those defendants under the rule in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

Plaintiff urges that its motion to alter or amend be granted in this case, on the authority of *Roco Carriers Ltd. v. M/V NURNBERG EXPRESS, etc.*, 899 F.2d 1292, 1295–97 (2d Cir.1990). Even if the Court thought that the Second Circuit had persuasively distinguished *Finley* in the *Roco* case, this Court would not apply *Roco* in the instant case. The *Roco* decision was based upon the fact that that case was brought under the broad grant of admiralty jurisdiction in 28 U.S.C. § 1333(1), which gives the district courts original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, . . ." In the instant case, the complaint was not filed under the admiralty jurisdiction of the Court, but under 28 U.S.C. § 1337(a) and 49 U.S.C. § 11707. Neither of those jurisdictional statutes is as broad as the general grant of jurisdiction over admiralty cases, but extends only to "civil actions," not "cases," *see Roco* at 1296–97, against a limited class of parties, *viz.*, common carriers and freight forwarders engaged in interstate commerce. Because the underlying jurisdictional statutes here limit severely the class of proper defendants, this case is more like *Finley* and the cases which have followed it (*see e.g., Lockard v. Missouri Pacific R.R. Co.*, 894 F.2d 299 (8th Cir.1990)) (applying *Finley* in a case brought under the FELA) than like *Roco*. Therefore, this Court concludes that there is no pendent party jurisdiction in the present case.

For the reasons stated, the plaintiff's motion to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e), will be, and the same hereby is, DENIED. Defendant Hoover's motion for Rule 11 sanctions for having had to oppose the plaintiff's motion, which had a reasonable, although not meritorious, basis, is DENIED.